# EXHIBIT 1



**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Filed
D.C. Superior Court
11/15/2018 11:34AM
Clerk of the Court

**Mary Shimp**
_____
Plaintiff
vs.

**Oracle America, Inc.**
_____
Defendant

Case Number **2018 CA 007961 B**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Debra Soltis, Kiyonaga & Soltis, PC**
Name of Plaintiff's Attorney

**910 17th St., NW Ste 800**
Address
Washington, DC 20006

**202-363-2776**
Telephone

By _____
Clerk of the Court
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828　　Veuillez appeler au (202) 879-4828 pour une traduction　　Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오　　ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Mary Shimp
_____
Demandante

contra

Número de Caso: __2018 CA 007961B__

Oracle America, Inc.
_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

**Debra Soltis, Kiyonaga & Soltis, PC**
Nombre del abogado del Demandante

*SECRETARIO DEL TRIBUNAL*

910 17th Street, NW, Ste 800
_____
Dirección
Washington, DC  20006
_____

Por: _____
Subsecretario

202 363--2776
_____
Teléfono

Fecha _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Dê có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면(202) 879-4828 로 연락하십시오    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                                                                     Super. Ct. Civ. R. 4



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

MARY SHIMP
   Vs.                                       C.A. No.    2018 CA 007961 B
ORACLE AMERICA, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                              Chief Judge Robert E. Morin

Case Assigned to: Judge HIRAM E PUIG-LUGO
Date:  November 13, 2018
Initial Conference: 9:30 am, Friday, February 01, 2019
Location:  Courtroom 317
         500 Indiana Avenue N.W.
         WASHINGTON, DC  20001

                                                                                                CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

CAIO-60

Filed
D.C. Superior Court
10/09/2018 14:42PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **Mary Shimp** <br> 3005 Military Rd, NW. <br> Washington, D.C., 20015 <br><br> **Plaintiff,** <br><br> v. <br><br> **Oracle America, Inc.** <br> 500 Oracle Parkway <br> Redwood City, California 94065 <br><br> **Defendant.** | Case No.: **18-0007961** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Mary Shimp, through her undersigned counsel, hereby files this Complaint and Demand for a Jury Trial and states:

### PRELIMINARY STATEMENT

1. This is an action for employment discrimination based on gender in violation of Title VII of the Civil Rights Act of 1964.

### PARTIES

2. Plaintiff Ms. Shimp is an adult resident of the United States and a current resident of Washington, D.C.

3. Defendant Oracle America, Inc. ("Oracle") is a corporation organized under the laws of the State of Delaware with its principal place of business at 500 Oracle Parkway, Redwood City, California 94065 and local offices throughout the country.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to D.C. Code § 11-921.

5. Venue is proper in this forum as the harms arising from the acts described herein accrued in Washington, D.C., as Oracle regularly conducts business in the District of Columbia and at all relevant times up through her termination on November 13, 2017, Ms. Shimp performed the duties of her position with Oracle from within the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. This Complaint is timely, and Ms. Shimp has exhausted all administrative remedies. On October 10, 2017, Ms. Shimp was given notice of her termination from Oracle, which took effect on November 13, 2017. On April 5, 2018, she timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and on September 5, 2018, the EEOC issued Ms. Shimp a Right to Sue letter.

## FACTUAL ALLEGATIONS

7. In 1987, Ms. Shimp received a Bachelor of Science degree in Statistics from Carnegie Mellon University. Upon her graduation, Ms. Shimp joined Oracle in 1988 and was given the opportunity to work in a variety of roles, including customer support, IT analyst, pre-sales consultant, and alliances technical account manager. During this period she consistently received steady raises and positive recognition for her work. Indeed, she was selected as the Oracle Alliances Rookie of the Year in 1988 and made the President's Club (the sales organization's performance recognition program) for three separate years.

8. Ms. Shimp left Oracle in 1999 to work at a start-up and subsequently left that position to work at Saba Software. In 2003 she enrolled in the University of Maryland part-time MBA program, where she received a Masters of Business Administration with a concentration in

Finance. While attending the University of Maryland, she worked for Tower Software, which was later acquired by Hewlett-Packard. After graduating in 2005, she joined the investment banking arm of FTI Consulting and later worked for the District of Columbia's Office of the Chief Technology Officer.

9. In January 2012, Ms. Shimp returned to work at Oracle in their Construction and Engineering Global Business Unit and later transferred to Global Business Units ("GBU") Operations.

10. On or about November 1, 2015, Ms. Shimp took on her most recent position at Oracle as a Senior Sales Performance Management Program Manager in GBU Operations. She performed exceedingly well as a Senior Sales Performance Management Program Manager and consistently received positive reviews. She had every reason to expect that Oracle would remain her professional home for years to come.

11. This all changed in the summer of 2017, when Charles McDonald, a male with significantly less academic and professional accomplishments and achievements, was hired as a Business Analyst in the GBU. This role was substantially similar to Ms. Shimp's. In fact, at or around the time of Mr. McDonald's on-boarding, Ms. Shimp was explicitly told by her direct supervisor, VP Mari Sikkink, that Mr. McDonald's role within the Company was redundant to Ms. Shimp's role. In fact, Ms. Sikkink communicated to Ms. Shimp that Mr. McDonald had been hired, in essence, to perform the very duties Ms. Shimp was already performing.

12. Notably, despite the similarity of the positions, Ms. Shimp was never informed that the position for which Mr. McDonald was hired was available and was not otherwise offered any opportunity to compete for it.

13. Almost immediately upon Mr. McDonald's hire, Ms. Shimp found herself having to affirmatively fight for projects and defend her continuing relevance to Oracle. For example, in early August 2017, on or around the time of Mr. McDonald's hire, Ms. Sikkink conveyed repeatedly to Ms. Shimp that both Mr. McDonald and Ms. Shimp were tasked with data driven performance management projects; that their positions were redundant; and that this situation was a "problem." During this time, Ms. Sikkink explained repeatedly that this was a difficult situation for her to be in as a supervisor. Ms. Sikkink further instructed Ms. Shimp to develop project initiatives for her upcoming role in 2018 and then ordered Ms. Shimp to divide those initiatives with Mr. McDonald. Indeed, the email correspondence between Ms. Sikkink and Ms. Shimp from this time period further and explicitly reflects that Ms. Shimp was in ongoing dialogue with Ms. Sikkink about how best to "split" her initiatives with Mr. McDonald.

14. During this same period of July/August 2017, Ms. Shimp developed and pitched a particular project called the Territory Project to Ms. Sikkink and Ms. Sikkink's boss, SVP Alec Glorieux. After her presentation, Ms. Sikkink informed Ms. Shimp that Mr. Glorieux had been impressed by Ms. Shimp's presentation, but had, nonetheless, decided to give the project to Mr. McDonald instead of her. Devastated, Ms. Shimp inquired as to the basis for Mr. Glorieux's decision. When Ms. Shimp asked Ms. Sikkink about this decision, Ms. Sikkink explained that Mr. Glorieux had expressed purported doubts over whether Ms. Shimp possessed the necessary "analytical skills" to do the Territory Project. Ms. Shimp expressed to Ms. Sikkink her deep dismay in hearing Mr. Glorieux's disparaging, meritless gender-based stereotype of her purported lack of analytical abilities. Moreover, implicit in Mr. Glorieux's sexist stereotype was the meritless assumption that Mr. McDonald possessed superior analytical skills to Ms. Shimp. Ms. Sikkink explained that she already had forwarded Ms. Shimp's resume to Mr. Glorieux in an

4

effort to demonstrate Ms. Shimp's vast analytical abilities and asked Ms. Shimp to provide some of her work product so that Ms. Sikkink could forward it along to Mr. Glorieux as well. This was not the only time Mr. Glorieux expressed gender-based stereotypes of Ms. Shimp's workplace capabilities, as, on another occasion, despite Ms. Shimp's education, accomplishments and the accolades she had received from supervisors for her analytical skills, Mr. Glorieux expressed that he believed Ms. Shimp's real strength was her "people skills."

15. The issue of how to divide data driven initiative duties between Ms. Shimp and Mr. McDonald within the GBU Division continued to be addressed by Ms. Shimp's supervisors into the early Fall of 2017.

16. Soon thereafter, without any warning, on October 10, 2017, Ms. Shimp was told by Ms. Sikkink that she was being terminated, effective November 13, 2017, and was further told by Ms. Sikkink that the decision was unrelated to any performance issues or deficiencies. It was clear to Ms Shimp that her supervisors had determined that the way to solve the redundancy of her and Mr. McDonald's positions was to let her go and retain him. As a result, Ms. Shimp was abruptly fired and Mr. McDonald, a far less senior, less educated and less qualified male was retained in his position, essentially replacing her. Moreover, even though Ms. Shimp was plainly qualified to perform the duties of Mr. McDonald's position and had far greater experience and far more seniority, she was never offered the option of staying on in his role at a reduced salary.

17. As a proximate result of Defendants' actions or omissions as alleged herein, Ms. Shimp has suffered, and continues to suffer, *inter alia*, (1) economic harm, including loss of back pay and front pay and associated employment benefits; (2) damage to her professional and personal reputation and ability to obtain commensurate gainful employment; and (3) severe emotional distress, including depression, sleeplessness and persistent feelings of low self-worth.

## COUNT I

### Discrimination in Violation
### of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (gender)

18. Ms. Shimp incorporates by reference each and every preceding paragraph, as though set forth in full herein.

19. Ms. Shimp is a member of a protected class based on her gender.

20. Ms. Shimp was qualified to perform the duties of her position with Oracle and performed such duties exceedingly well.

21. Ms. Shimp suffered an adverse employment action, in that her employment was terminated on November 13, 2017.

22. Ms. Shimp was terminated because of her gender and/or her gender was a motivating factor in Defendants' decisions to terminate her employment with Oracle.

23. Ms. Shimp was essentially replaced by Mr. McDonald, a male employee who was significantly less experienced, qualified and educated than Ms. Shimp. In addition, Mr. Glorieux – Ms. Shimp's SVP and the ultimate decision maker – harbored and expressed a meritless and disparaging gender-biased stereotype about Ms. Shimp's analytical abilities, which he relied on in making workplace decisions regarding her capabilities, Mr. McDonald's capabilities and the division of work –place initiatives between Ms Shimp and Mr. McDonald.

24. The decision by Oracle to terminate Ms. Shimp's employment was not attributable to a legitimate reason.

25. Oracle's actions and omissions as set forth herein constituted willful misconduct, were in bad faith, were wanton, were outrageous, were done without just cause or excuse, were done with malice and/or were done with conscious indifference and/or reckless disregard of Ms. Shimp's protected rights under Title VII.

26. Ms. Shimp suffered actual injury as a result of Oracle's actions and omissions.

**WHEREFORE**, Ms. Shimp demands judgment against Oracle and damages in an amount to be determined, of not less than $1,000,000, reflecting, *inter alia*, the following:

1. An award of back pay and front pay and associated employment benefits;

2. An award of compensatory damages in an amount to be determined at trial;

3. An award of punitive damages in an amount to be determined at trial;

4. An award of attorneys' fees, costs and pre- and post-judgment interest; and

5. Any other relief as this Court determines just and proper.

### JURY TRIAL DEMAND

Ms. Shimp hereby demands a trial by jury as to all issues and claims so triable in this matter.

                                            Respectfully submitted,

                                            KIYONAGA & SOLTIS, P.C.

                                            /s/_____
Debra Soltis
D.C. Bar 435715
Paul Y. Kiyonaga
D.C. Bar 428624
Marcus T. Massey
D.C. Bar No. 1012426
910 17th St., N.W., Suite 800
Washington, D.C. 20006
Phone: (202) 363-2776

Filed
D.C. Superior Court
11/27/2018 15:50PM
Clerk of the Court

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **Mary Shimp**  )<br>  )<br>       **Plaintiff,**  )<br>   **v.**  )<br>  )<br>**Oracle America, Inc.**  )<br>  )<br>       **Defendant.**  )<br>_____) | **Case No.: 2018 CA 007961 B** |

### PLAINTIFF MARY SHIMP'S PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT ORACLE AMERICA, INC.

I, Marcus Massey, declare as follows:

At the time of service of the subject complaint and summons, I was at least 18 years of age and not a party to this lawsuit.

On November 19, 2018, pursuant to D.C. Superior Court Rule 4(c)(4), I served Defendant Oracle America Inc. by doing the following:

I mailed a copy of the summons, complaint, and initial order via certified mail, return receipt requested, to the registered agent of Oracle America, Inc. at the following address:

> Corporation Service Co.
> 1090 Vermont Ave, NW
> Washington, D.C. 20005

This certified mailing was delivered on November 19, 2018. A copy of the Certified Mail Receipt and Return Receipt are attached hereto.

Per D.C. Superior Court Rule 4, I also mailed a copy of the summons, complaint and initial order via certified mail to Oracle America, Inc. at the following address:

> Oracle America, Inc.
> 500 Oracle Parkway
> Redwood City, CA 94065

This certified mailing was delivered on November 20, 2018. A copy of the Certified Mail Receipt and Return Receipt are attached hereto.

 I declare under penalty of perjury that the foregoing is true and correct to best of my knowledge, information and belief.

Executed on November 27, 2018.  /s/_____
                Marcus Massey, Esq.


                Respectfully submitted,

                KIYONAGA & SOLTIS, P.C.

                /s/
                _____
                Debra Soltis
                D.C. Bar 435715
                Paul Y. Kiyonaga
                D.C. Bar 428624
                Marcus T. Massey
                D.C. Bar 1012426
                910 17th St., N.W., Suite 800
                Washington, D.C. 20006
                Phone: (202) 363-2776
                dsoltis@kiyosol.com

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 27th day of November 2018, I filed a true and correct copy of the foregoing Plaintiff Mary Shimp's Proof of Service of Summons and Complaint on Defendant Oracle America, Inc. via CaseFile Express with consequent service on any counsel of record.

                                              /s/
                                              _____
                                              Debra Soltis

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7018 1130 0001 1488 8988

OFFICIAL USE

Certified Mail Fee $3.45

Extra Services & Fees
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postmark Here

Postage $1.42
Total Postage and Fees $7.67

Sent To: Corporation Service Co.
Street and Apt. No., or PO Box No.: 1090 Vermont Ave, NW
City, State, ZIP+4: Washington DC 20005

---

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7018 1130 0001 1488 8995

OFFICIAL USE

Certified Mail Fee $3.45

Extra Services & Fees
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postmark Here

Postage $1.42
Total Postage and Fees $7.67

Sent To: Oracle America, Inc.
Street and Apt. No., or PO Box No.: 500 Oracle Parkway
City, State, ZIP+4: Redwood City CA 94065

Case 1:18-cv-02872 Document 1-1 Filed 12/07/18 Page 16 of 17

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Co
1090 Vermont Ave, NW
Washington DC 20005

9590 9402 4226 8121 9098 53

2. Article Number (Transfer from service label)

7018 1130 0001 1488 8988

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Oracle America Inc
500 Oracle Parkway
Redwood City, CA 94065

9590 9402 4226 8121 9098 77

2. Article Number (Transfer from service label)

7018 1130 0001 1488 8995

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt